# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| IN RE:  Susan Worthy | ) | Case No. |
| | ) | |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| Genpact Services, LLC | ) | |
| 42 Old Ridgebury Road, 1st Floor | ) | |
| Danbury, CT 62704 | ) | |
| | ) | July Demand Requested |
| | ) | |
| | ) | |
| | ) | |
| Defendant | ) | |

## COMPLAINT

Now comes Plaintiff, by and through his attorneys, and, for her Complaint alleges as follows:

1.  Plaintiff, Alicia Dodson, brings this action to secure redress from unlawful collection practices engaged in by Defendant, Encore Receivable Management, Inc..  Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2.  The FDCPA obliges that the debt collector must refrain from confusing the debtor by undercutting the required notice or implying a different obligation.  *Bartlett vs. Heible*, 128 F.3d 497 (7th Cir. 1997).

3.  Courts in the Seventh Circuit constantly hold that communications demanding payment within the thirty-day validation period violate 15 U.S.C. Section 1692g.  Chauncy v. JDR Recovery Corp., 118 F.3d 516, 518-519 (7th Cir. 1997). *Lane v. Bayview Loan Servicing, LLC*, No. 15-cv-10446, (N.D. Ill., 2016)

4.  While 15 U.S.C. Section 1692g does not mandate that a Debt Collector cease collection activities, the collection "efforts must clarify how two

apparently contradictory rights…………fit together." *Lane v. Bayview Loan Servicing, LLC*, No. 15-cv-10446, (N.D. Ill., 2016).

## JURISDICTION AND VENUE

5. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).

6. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## STANDING AND INJURY

7. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

8. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with its attempt to collect an alleged debt from Plaintiff.

9. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

10. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, and frustration.

## PARTIES

11. Plaintiff incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").

12. Plaintiff is a resident of the State of Illinois.

13. Defendant ("Genpact Services, LLC."), is a Connecticut business entity with an address of 42 Old Ridgebury Road, 1st Floor Danbury, CT 62704

operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).

14. Unless otherwise stated herein, the term "Defendant" shall refer to Genpact Services, LLC.

15. Defendant uses instruments of interstate commerce for its principal purpose of business, which is the collection of debts.

16. At all relevant times, Defendant owned the Debt or was retained to collect the Debt.

17. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. Section 1692(a)(5)

## FACTS APPLICABLE TO ALL COUNTS

18. On or about March 29, 2017, the Defendant sent Plaintiff an initial Dunning letter.

19. The letter stated: "Balance Due: $892.00" and "Amount Now Due $198.00" See Exhibit A.

20. Here, the Defendant is telling the Plaintiff that a payment is due "now" and stating that a late fee could be charged.

21. The communication overshadowes her rights under 15 U.S.C. Section 1692g.

22. The communication confuses the Plaintiff about her rights under 15 U.SC.Section 1692g(a)

## FAIR DEBT COLLECTION PRACTICE ACT VIOLATION

23. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

24. Defendant violated 15 U.S.C. Section 1692e in that it misled Plaintiff by suggesting an outcome that could not legally take place.

25, Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

       (1) Statutory damages;

       (2) Attorney fees, litigation expenses and costs of suit; and

       (3) Such other and further relief as the Court deems proper.

## JURY DEMAND

(1) Plaintiff demands a trial by jury.

                Respectfully submitted,

                /s/ John Carlin
                John P. Carlin #6277222
                Suburban Legal Group, P.C.
                1305 Remington Rd., Ste. C
                Schaumburg, IL 60173
                jcarlin@suburbanlegalgroup.com
                Attorney for Plaintiff